In October, 1924, Sylvester J. Linck was appointed guardian of the estate of three minor wards. In Re Horn's Estate,285 Mich. 145, we passed upon his annual accounts up to October, 1936, and required him to assume a loan of $1,500, made by him and secured by mortgage. The issues presented in the instant appeal relate to subsequent allowances to the guardian for services rendered during the entire period of the guardianship and an award to his attorney. The circuit court reduced the compensation allowed the guardian in the probate court from $800 to $500, and the amount to the attorney from $601.20 to $481.20.
The wards, by appeal, claim allowance to the guardian for special services was barred by allowance of former annual accounts and the decision of this court upon the former appeal.
The annual accounts contain no claim for special or extraordinary services and the annual allowance of $75 a year to the guardian, after his first and second accounts, cannot be said to bar consideration of special services covering the subsequent period.
As said in Gott v. Culp, 45 Mich. 265, 274:
"The matter is one left to the consideration of the court passing the accounts, and the amount has nothing to do with the account as an item of it at all, and cannot in any case be considered by the jury. *Page 195 
"By the old law a guardian could get no compensation whatever, but was merely protected in his legitimate expenditures. The modern doctrine, which is recognized by our statutes, regards him as entitled to such reasonable compensation as the circumstances warrant."
The opinion on the former appeal does not bar the award for special services because not there involved.
The character of the estate, care for and education of the wards, supervision exercised over funds received from the Veterans' Administration, litigation attended to and travel and consultations relative thereto, justify the award made in the circuit court.
The guardian, by cross-appeal, contends that the award in the probate court, being largely a matter within the discretion of the probate judge, could not be diminished in the circuit court.
We need but say the issues were tried upon evidence submitted in the circuit court and that court was called upon to fix compensation, and we find no ground for disturbing the awards there made, both for compensation to the guardian and to his attorney.
The judgment is affirmed, with costs to the guardian.
BUSHNELL, C.J., and SHARPE, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision. *Page 196